Gordon v. Adams.

JOHN H. GORDON, Adm'r, etc.,

v.

MARY A. ADAMS ET AL.

The court is of opinion that this is a stale claim and unsupported by any evidence sufficient to warrant a decree in favor of the plaintiff in error.

ERROR to the Circuit Court of Knox county; the Hon. A. A. SMITH, Judge, pr siding. Opinion filed August 7, 1885.

This suit was a bill in equity filed by the plaintiff in error against the defendant in error to recover the amount of two promissory notes for five thousand dollars each, given by James A. Bundy, deceased, in his lifetime, dated Aug. 23, 1858, due in ten years from date, one payable to Martin, and one to Marion Bundy, praying that a lien be declared against all the property of J. A. Bundy, deceased, in the hands of the widow or assignees or heirs, for the payment of the notes. Milton J. Bundy having died June 23, 1878, and Marion, June —, 1873, the plaintiff in error is the administrator of both Milton J. and Marion Bundy. The defendants in error were the heirs at law and widow of James A. Bundy, deceased. A cross-bill was filed by Mary A. and Frank Adams, F. H. Rearick, C. W. Bradstreet, and Benjamin Lombard. Full answers were filed to both the original and cross-bill and replications. Upon a final hearing the court decreed that the equities were in favor of the respondents in the original bill; that the complainant's bill be dismissed at his costs and paid in due course of administration. The court further found that the issues in the cross-bill be found in favor of the complainants therein. That neither of the notes was a legal claim against James A. Bundy in his lifetime, nor against his estate after his decease, and that the notes were never delivered by the said James A. Bundy in his lifetime to the payees, or either of them. The court further decreed that the notes be forever held as being of no force and effect as against the estate of James A. Bundy, deceased, or the assignees or holders of any part of said estate.

Messrs. LANPHERE & BROWN, for plaintiff in error.

Messrs. McKENZIE & CALKINS, for defendants in error.

LACEY, P. J.   The main question in dispute upon the hearing was as to the delivery of the notes by James A. Bundy in his lifetime.   Both sons of James A. Bundy and James A. himself were deceased before the notes were found.   Neither of the

Gordon v. Adams.

payees of the notes knew of their existence. John A. Gordon testifies he saw the notes in J. R. Gordon's house in Galesburg in the fall of 1873. The latter and his wife were present.

Mrs. Gordon, who was the daughter of J. A. Bundy, showed him the notes. Mrs. Gordon was in Missouri when Marion died and brought back his body. After his return he saw the notes. But the testimony of J. R. Gordon seems to throw great doubt upon the testimony; for he fails to testify in corroboration of such statements, but testifies that some time after his wife's death he found the notes among her effects. We have examined the evidence in the case with a good deal of care, and are well convinced that all the evidence and circumstances taken together concerning the dealings of the two sons, Marion and Milton, and their father, and their life and conduct after the date of the notes, fully rebut any presumption of the delivery of the notes by James A. to Mrs. Gordon, or any one else, for the benefit of the sons. It is not necessary to account for the manner in which Mrs. Gordon obtained the notes or for what purpose. But it is enough if it is shown by facts and circumstances that she did not obtain them to hold for the benefit of Milton and Marion. It appears quite evident from the testimony that Milton and Marion, at the time the notes were given, were in very moderate circumstances, and even that Marion was a minor under the age of twenty-one years. They remained poor during their lives, were dependent to a considerable extent on the bounty of their father for their support, never claimed to be entitled to notes in question from their father though at times given detailed statements of their effects, and we think were entirely ignorant of the existence of such notes. It is claimed by plaintiff in error that the two boys, some time prior to the time the two notes were dated, had a claim on their father on account of an interest in a piece of land sold by their father to one Reynolds, and that there was considerable disturbance in the family by the boys on account of the sale of the land without protecting their interests, and that about the date of these notes the disturbance ceased and the boys were satisfied; and the theory is advanced by counsel for plaintiff in error, that the

notes were executed and delivered to some one for the benefit of the boys, and that they, knowing this, became reconciled. But we think, under the light of the evidence that they never knew of the existence of these notes, such theory or claim is without force. No evidence shows that they ever claimed that their father ever owed them anything on account of any settlement.

This appears to us to be a stale claim and unsupported by any evidence sufficient to warrant a decree in favor of the plaintiff in error.

We do not deem it necessary to consider the evidence further in detail, but rest the case upon the conclusion we have arrived at upon a full review of the evidence.

The decree of the court below is therefore affirmed.